Frank J. Kronenberg, J.
The plaintiffs herein, who operate a package liquor store at 7 Main Street, Holland, New York, on the 10th day of August, 1965 instituted an action demanding a judgment requiring that the defendant, John E. Hileman, doing business as Holland Hotel, surrender a hotel off-premises permit granted to him by the State Liquor Authority, and that the Erie County Alcoholic Beverage Control Board and the State Liquor Authority revoke the said permit, and that the defendant Hileman be enjoined from selling alcoholic beverages for off-premises consumption within eight miles of the plaintiffs’ premises.
The defendant, Hileman, was issued a hotel liquor license for the on-premises consumption of liquor and wine as well as a hotel off-premises permit for off-premises consumption on the 2d day of August, 1956. Said license and permit were renewed annually thereafter, the last renewal being for the license year October 1, 1964, to September 30, 1965.
On November 30, 1964, the State Liquor Authority informed the defendant Hileman of the removal of the Smith license from Clyde, New York to Holland, New York.
On December 14, 1964, the defendant Hileman requested a deferment of the surrender for cancellation of his hotel off-premises permit, as he was applying for a liquor store license in accordance with amended rule 17 of the Buies of the State Liquor Authority (9 NYCBB 42.1 et seq.).
On December 22,1964, the State Liquor Authority granted the deferment requested, provided that Mr. Hileman file an application for a liquor store license within the month of December, 1964. On December 23, 1964, the defendant Hileman, filed with the Erie County Board an application for a retail liquor store license, in the nature of a change in class, for premises at 1 Pearl Street, Holland, New York.
That thereafter the Hileman application was duly processed by the Erie County Board and said board recommended approval of the same. Thereafter, the Zone III License Board of the State Liquor Authority recommended approval to the Deputy Commissioner and on March 18,1965, the State Liquor Authority approved the Hileman application.
The plaintiffs cite subdivision 6 of section 64 of the Alcoholic Beverage Control Law, which provides as follows: “ Where an on-premises license shall be granted to the owner of a hotel situated in a town or village the liquor authority may in its discretion grant to such owner the right to sell liquor and wine for off-premise consumption under the same terms and conditions as apply to off-premise licenses upon the payment of an *658 additional fee of sixty-two dollars and fifty cents; provided, however, that this permission shall not be granted if an off-premise license has been granted for promises located within eight miles of such hotel.”
They contend that the State Liquor Authority has no discretion in this matter, although it is clear from reading this section that it is a discretionary section in that the State Liquor Authority may or may not grant the permit. In no way does the section provide for the revocation or the cancellation of a permit issued, as the plaintiffs contend. The permit granted to Jack Hileman on October 1, 1964, continued in full force and effect until September 30,1965. As indicated, there is no provision for revoking the permit, and a clear reading of the section merely states that no permission is to be granted to a hotel to have an off-premises license if there is a regular off-premises license within eight miles of the hotel.
It is important to note that the plaintiffs, Smiths, wore allowed to remove from a location in "Wayne County to Erie County in accordance with said rule 17 (as amd., eff. Oct. 1, 1964) phase 2 in effect October 1, 1964. The Authority, in its wisdom, provided by sections 2 and 17 of the Alcoholic Beverage Control Law and by said rule 17 as amended (9 NYCRR 42.4, eff. Dec. 1, 1964), that any hotel off-premises permittee may apply during December, 1964, to convert its off-premises permit to a new liquor store license; it provided for a priority to be given to these permittees in that they did not have to participate in the drawing for a new liquor store license, if he so desires.
The defendant, Jack Hileman, complied with rule 17 (as amd.) by filing for the new liquor store license in December, 1964. As indicated, the Authority had no right to revoke the defendant, Jack Hileman’s hotel off-premises permit. In fact, that became academic when he applied for and was granted a new liquor store license.
Any basis for the plaintiffs’ lawsuit must come from rule 17 of the State Liquor Authority, as amended effective October 1, 1964. This rule has been the subject of a great deal of litigation throughout the State, mostly initiated by existing liquor store owners. The Court of Appeals, on July 9, 1965 in Cantlin v. State Liq. Auth. (16 N Y 2d 155) decided that rule 17, as amended, is a constitutional and valid exercise of the Authority’s power within the purposes and provisions of the Alcoholic Beverage Control Law.
The plaintiffs cite the debate in the Now York State Senate Chambers during the 1965 Legislative Session in connection with Senate Print 2869, 5785, Intro. 2728, having to do with *659 amending sections 63 and 79 of the Alcoholic Beverage Control Law. These amendments merely restated the principle that the State Liquor Authority must consider public convenience and advantage in issuing and approving licenses and the renewal of licenses. This the State Liquor Authority has always done, and the leading case in the matter of public convenience and advantage is Matter of Hub Wine & Liq. Co. v. State Liq. Auth. (16 N Y 2d 112 [1965]).
However, said amendments are not relevant to or an issue in this lawsuit. The plaintiffs are in the position in this matter of a party who took advantage of rule 17 of the State Liquor Authority to remove from Wayne County to Erie County. In that removal, the State Liquor Authority considered the public convenience and advantage in approving same. Plaintiffs now contend that the rule they relied on is unconstitutional and illegal. It is important to note that the defendant Jack Hileman did not object to the removal of the Smiths’ liquor store into his area, although he could have under section 121 of the Alcoholic Beverage Control Law.
The plaintiffs herein finally request an injunction alleging that they will suffer a loss of business, irreparable harm, and damage and injury. However, they fail to set forth any facts which would justify this conclusion nor do they show how they will be so injured.
The financial investment of the plaintiffs in their own package store and the possible economic loss that they may be caused by granting a package store license to the defendant, Jack Hileman, are not material or proper factors for consideration by this court. The plaintiffs have no standing to obtain a review of the Authority’s determination approving defendant Jack Hileman’s package store license merely because of prospective economic loss. (Matter of Franklin Nat. Bank v. Superintendent of Banks, 40 Misc 2d 565, affd. 20 A D 2d 682; Matter of Dairymen's League Co-op. Assn. v. Du Mond, 282 App. Div. 69, app. dsmd. 306 N. Y. 595; Matter of Daub v. New York State Liq. Auth., 45 Misc 2d 833.)
As stated in Matter of Dairymen's League Co-op. Assn. v. Du Mond (supra, pp. 73-74): “ The economic interest of the existing licensees in an industry does not entitle them to be heard as a matter of constitutional right before additional members are admitted to the industry * * * The due process clause does not guarantee freedom from the economic injury which may result from competition (Hegeman Farms Corp. v. Baldwin, 293 U. S. 163, 170-171).”
*660 If the approval of the application of the defendant Hileman was an act within the discretion vested in the State Liquor Authority by sections 2,17, 54, 64 and 111 of the Alcoholic Beverage Law and if the action of said (State Liquor Authority was not arbitrary or capricious, the courts cannot overrule the judgment of said State Liquor Authority.
This court finds that the State Liquor Authority had the statutory power to use its discretion in determining whether the defendant Hileman be granted the license sought and, further, that said Authority did not act arbitrarily or capriciously in granting said license and, therefore, the motion of the defendant Hileman, and the defendant State Liquor Authority, dismissing the complaint and motion herein is hereby granted, without costs.
Submit judgment accordingly.